**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSEPH M. O'QUINN,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:23-cv-00484-MW-MAF**

**SGT. VICE, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Joseph M. O'Quinn, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case with a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. The Court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. Dismissal is proper because Plaintiff failed to truthfully disclose his federal litigation history.

**I.   Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff sued eight prison officials and a confinement nurse employed at Wakulla C.I., all in their individual capacities. ECF No. 1, pp. 1-5. Plaintiff alleges that, in June 2022, he was housed in confinement at Wakulla C.I. in a cell that was infested with fire ants. Id., p. 7. Plaintiff suffered repeatedly from ant bites. Id. The infestation was so great, Plaintiff showed the warden

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

"a tee-shirt full of ants." Id., p. 8. Prison officials were reluctant to fumigate the cell because it would be necessary to move everyone from the area for four hours. Id. Given the extent of the ant bites, Plaintiff required medical care and declared a medical emergency on June 17, 2022. Id., p. 9.

Plaintiff presents other allegations, apparently, unrelated to the ant infestation. On June 20, 2022, Dr. Crunk examined Plaintiff, but Sergeant Vice refused to leave the exam room. Id., p. 10. Plaintiff also claims the nurse discriminated against him because she refused to write him a pass for a single-man room assignment. Id., p. 10. Plaintiff also describes several grievances he filed: medical does not conduct daily sick-call for those in confinement, his bunk is not twenty inches off the floor, and guards violate "HIPPA" by refusing to allow him privacy with his physician. Id., pp. 11-12.

Plaintiff alleges Defendants violated his rights under the Eighth Amendment. Id., p. 16. Plaintiff seeks $180 in nominal damages; $45,000 in compensatory damages; and $135,000 in punitive damages. Id., pp. 16-17.

The complaint is not on the proper form; Plaintiff used the 2016 form instead of the 2022 form. Plaintiff eliminated the pages related to Questions A and B regarding a prisoner's litigation history and substituted his own

statements, including: "[t]he plaintiff has (not) had three cases dismissed on the grounds that were frivolous, malicious, or failed to state a claim pursuant to the PLRA standards" or "any case dismissed pursuant to § 1915(g)." ECF No. 1, pp. 17-18. Plaintiff did not fully disclose his federal litigation history. Id., pp. 14-17.

### III.  Plaintiff's Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 1, pp. 19-20.

"Section VIII, Prior Litigation," on the proper complaint form, provides, in part, the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals— may result in the dismissal of this case . . .***

Similarly, Plaintiff's 2016 form provides, ***"Failure to disclose all prior cases may result in the dismissal of this case*.*"*** ECF No. 1, p. 19. Plaintiff disclosed only two federal cases. Id., p. 18. Plaintiff also stated he

did not have any case dismissed as a "strike." Id. That is false. In civil rights case, M.D. Fla. No. 3:16-cv-1478-J-39-PDB, the court found "Plaintiff's manipulative tactic of submitting a fraudulent document to the [c]ourt constitute[d] an abuse of judicial process and the case [was] due to be dismissed as malicious." O'Quinn v. Sikes, 2018 U.S. Dist. LEXIS 143200, *8 | 2018 WL 4031580 (M.D. Fla. Aug. 23, 2018). Plaintiff disclosed the case but not that it was dismissed as malicious. ECF No. 1, p. 18.

On the complaint form, Question C asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Id., p. 18. Plaintiff answered, "Yes." Id. Plaintiff listed M.D. Fla. Nos. 3:16-cv-1478-J-39PDB and 6:09-cv-217-CEH-GJK, filed pursuant to 28 U.S.C. § 2254, but none of his four federal appeals. Id.

Plaintiff appealed the denial of his Section 2254 petition in 11th Cir. Case No. 12-11842. Then, in 2018, Plaintiff appealed the district court's dismissal of his civil rights action identified above, but, later, chose to voluntarily dismiss the appeal. This Court will not provide the case information for all of Plaintiff's federal cases because it is his obligation to do so. Suffice to say, Plaintiff did not disclose any appeal and is required to do so.

Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose one prior case, and disclosed another prior case but not that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** as malicious because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

**IN CHAMBERS** at Tallahassee, Florida, on December 13, 2023.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).