IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH M. O'QUINN,

 *Plaintiff*,

v.           **Case No.: 4:23cv484-MW/MAF**

SGT. VICE, *et al.*,

 *Defendants*.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 9, and has also reviewed *de novo* Plaintiff's objections, ECF No. 10.

The Magistrate Judge recommends that Plaintiff's case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because (1) he lied about not having any PLRA strikes; and (2) he failed to disclose four federal appeals. ECF No. 9 at 6. The Magistrate Judge also noted that Plaintiff filed his complaint on an old form and omitted pages from that version of the form relating to disclosure of past litigation. *Id.* at 4.

While a close call, this Court finds that the Report and Recommendation is due to be rejected. "A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and

the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, No. 5:15CV305/MMP/EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting cases), *report and recommendation adopted,* 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Here, the record does not support a finding that Plaintiff *affirmatively* misrepresented his litigation history. To be sure, Plaintiff did not disclose every case he has ever filed. But construing his pleading generously—as this Court must— Plaintiff has not made any *affirmative* misrepresentations. Plaintiff failed to specify that one of his previous cases qualifies as a strike, but he *did* disclose the underlying case. ECF No. 1 at 18. This is consistent with his statements that he (1) does not have *three* strikes; (2) has not had a case dismissed as a three striker under section 1915(g), and (3) has not filed any other lawsuits dealing with the same facts. *See id.* at 17. And while Plaintiff filed his operative complaint on an outdated form that omits part of a section regarding past litigation, this Court has not ordered him to file an amended complaint on the updated form with direction to complete the form in full. On these facts, this Court cannot conclude that Plaintiff *affirmatively* misrepresented his litigation history.

Plaintiff's failure to disclose his previous federal appeals also does not warrant a finding of affirmative misrepresentation, either on its own or in conjunction with his other omission. The Report and Recommendation notes that Plaintiff failed to disclose four federal appeals, but it only identifies two appeals. *See* ECF No. 9 at 6. And for each of these two appeals, Plaintiff disclosed the underlying district court case. ECF No. 1 at 18. The Report and Recommendation does not assert that either of the undisclosed appeals count as strikes or have any bearing on this case. *See* ECF No. 9 at 6. Plaintiff's failure to disclose these two unrelated, immaterial appeals— where he disclosed the underlying district court cases—does not, without more, support a finding that Plaintiff *affirmatively* misrepresented his past litigation history.

This Court understands that accurate disclosure of past litigation is important. *See Cochran v. Moore*, No. 7:21-CV-00129-HL-TQL, 2021 WL 5985324, at *3 (M.D. Ga. Nov. 10, 2021), *report and recommendation adopted,* 2021 WL 5985321 (M.D. Ga. Dec. 16, 2021).[1] This Court also understands that generally, dismissals without prejudice do not amount to abuse of discretion. *Jackson*, 491 F. App'x at

---

[1] This Court is cognizant that in other circuits, a *pro se* prisoner litigant's omission of a prior lawsuit must be material in order to qualify as malicious under § 1915(e)(2)(B)(i). *See, e.g.*, *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 880 (7th Cir. 2019). The Eleventh Circuit, however, does not yet require that an omitted suit be material before a case can be dismissed as malicious under § 1915(e)(2)(B)(i). *Cf. Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012). But even without such a requirement, a material omission makes it easier for a court to infer that a party affirmatively misrepresented a fact. Here, Plaintiff's omissions are not material and the rest of the record is not sufficient to support a finding of affirmative misrepresentation.

132. But here, where the record does not support a finding that Plaintiff *affirmatively* misrepresented his litigation record, dismissal—even without prejudice—is inappropriate. Accordingly,

**IT IS ORDERED**:

1.  This Court **REJECTS** the Report and Recommendation, ECF No. 9.

2.  This case is remanded to the Magistrate Judge for proceedings consistent with this order and any additional screening required by 28 U.S.C. § 1915A.

**SO ORDERED on January 9, 2024.**

**s/Mark E. Walker**
**Chief United States District Judge**