# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOSEPH M. O'QUINN,**

    **Plaintiff,**

**vs.**                                                                **Case No. 4:23-cv-484-MW-MAF**

**SGT. VICE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed an amended civil rights complaint on March 18, 2024 alleging violations of his Eighth and Fourteenth Amendment rights.[1] ECF No. 15. Plaintiff claims the conditions of his prior confinement are unconstitutional because his cell "was infested with fire ants." Id. at 6. Defendants Vice, Giddens, and Gray are all correctional officers or sergeants who worked at Wakulla Correctional Institution during the alleged unconstitutional conditions. Defendant Allen was the warden there. Before the Court is Defendants' motion to dismiss, ECF No. 33. Plaintiff filed a response in opposition, ECF No. 37.

---

[1] The Eighth Amendment is applicable to the States through the Fourteenth Amendment. Rhodes v. Chapman, 452 U.S. 337, 345 (1981). Because Plaintiff is a convicted prisoner, not a pretrial detainee, his claim is evaluated under the Eighth Amendment—not the Fourteenth. Regardless, the analysis remains the same. See Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995).

**I.      Allegations of the Amended Complaint, ECF No. 15**

The Court accepts the non-conclusory, factual allegations in the amended complaint as true. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993). Plaintiff contends that while he was placed in a confinement cell for fifty-six days in 2022, the cell also housed an unwelcome infestation of fire ants and spiders. ECF No. 15 at 6-8.

Plaintiff notified Defendant Gray on June 1st, Defendant Giddens on June 4th, and Defendant Vice on June 6th. Id. at 6. He told them about the ants and the ant bites, but each declined to move him. Id.

Plaintiff also told Defendant Allen about the issue in person and through multiple grievances to him—copies are included in his amended complaint. Id. at 7, 16-19. The grievances are dated: June 7, 2022, June 15, 2022, June 22, 2022, and July 11, 2022. Id. at 16-19. Each of the grievances were approved in short order. In the June 7th grievance, the approval notes, "All approved pest control measures have been taken and will continue to rid this issue." Id. at 16. The June 15th grievance approval section includes, "All approved pest control measures are in progress." Id. at 17. In his June 22nd grievance, Plaintiff writes, "the spray man keeps spraying outside, however that does no good." Id. at 18. Again, the grievance was approved and the

response states in part, "all approved pest services are being conducted to rid this problem." Id. A similar approval note was written for the July 11th grievance. Id. at 19. Plaintiff agrees that Defendants took action to remedy the situation by spraying "outside" but claims because they did not spray inside his cell, it did "no good." Id. at 18.

Plaintiff also includes two "inmate sick-call request" forms that list multiple ailments, including "chronic low back pain, neck, right shoulder, and headaches, meds for ant bit[e]s." Id. at 20-21. He says that by June 7th he had "been bitten in excess of 10 times," Id. at 6, and by July 11th claims he had "been bitten in excess of 100 times" and "been to sick-call for ant bites declared medical emergency on 6/17/22, see Exhibit D." Id. at 7. Plaintiff's "Exhibit D", Id. at 19, is his July 11th grievance request. Neither of the sick-call requests indicate medical emergencies. At some point in time, he was transferred to Columbia Correctional.

Plaintiff claims Defendants violated his "due process rights" and were "deliberately indifferent and deprived [him] of [civilized measure of life's necessities]." Id. at 9. He sues the Defendants in their individual capacities and requests the following relief from each: $20 in nominal damages; $5,000 in compensatory damages; and $15,000 in punitive damages. Id. at 2-4, 9. His basis is "physical pain, mental anguish, humiliation and mortification." Id.

## II. Standard of Review – Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts that show entitlement to relief is plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "Asking for plausible grounds…does not impose a probability requirement at the pleading stage." Id. at 556. Instead, a claim is plausible when the court can draw "a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); See also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019).

At this stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006) (internal marks omitted.) Courts must disregard any conclusory allegations or legal conclusions masquerading as fact, assume the remaining facts are true—however doubtful—and determine if those facts are sufficient to proceed. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A well-pleaded complaint may proceed even if it appears that recovery is very remote and unlikely." Twombly, 550 U.S. 544 at 556 (quotations omitted).

The pleading standard is flexible, in line with Rule 8's command to give fair notice to the defendant of the plaintiff's claim and the grounds upon which

it rests. Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)). That said, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005).

"To state a cause of action under § 1983, a plaintiff must allege that (1) there was an act or omission that deprived him of a constitutional right, privilege, or immunity and (2) the act or omission was committed by a person acting under color of state law." Evans v. St. Lucie Cnty. Jail, 448 Fed. App'x 971, 973 (11th Cir. 2011) (citing Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir.1995). There is no dispute that Defendants were acting under color of state law. The question then, turns to whether there was an act or omission that violated Plaintiff's constitutional rights. This Court finds there was not.

## III.   Discussion

Defendants' argue dismissal is warranted because Plaintiff fails to state a claim upon which relief can be granted.[2] ECF No. 33 at 5-10.

---

[2] Because the Court recommends dismissal for failure to state a claim, Defendants' other assertions regarding qualified immunity and punitive damages are not addressed.

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). To challenge the conditions of confinement, a Plaintiff must show two prongs: "an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities" and "a subjective showing that the official had a sufficiently culpable state of mind." Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (internal quotations omitted).

The first prong, a sufficiently serious deprivation or injury, has a high bar. Evans v. St. Lucie Cnty. Jail, 448 Fed. App'x 971, 973 (11th Cir. 2011). This is because "the Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). "Even harsh" conditions "are part of the penalty that criminal offenders pay for their offenses against society". Id. "A prison condition is unconstitutional only if it deprives the plaintiff of a human need or poses an unreasonable risk of serious damage to his future health or safety." Evans, 448 Fed. App'x at 974 (internal marks and citations omitted). "Extreme deprivations are required." Thomas, 614 F.3d at 1304 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

The second prong is a showing of deliberate indifference. Plaintiff must allege facts which demonstrate that (1) the official knew of the substantial

risk to Plaintiff's health or safety and (2) the official disregarded that risk by conduct that was subjectively reckless. See Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024). "Subjective recklessness" requires a showing that "Defendant was actually…aware that his own conduct caused a substantial risk of serious harm to the plaintiff." Id.  Finally, "even if the defendant actually knew of a substantial risk to inmate health or safety, he cannot be found liable under the Cruel and Unusual Punishment Clause if he responded reasonably to the risk." Id. (citing Farmer, 511 U.S. at 844-855).

This Court has previously recommended dismissal for failure to state a nearly identical claim in Vincent v. Fla. State Hospital. The Court says again what it said then: "Plaintiff has not alleged conditions that are extreme. The presence of ants, spiders, and other related "pests" are annoying, but common problems in Florida properties." Vincent v. Fla. State Hosp., No. 4:22CV437-MW-MAF, 2023 WL 4316879, at *1 (N.D. Fla. May 25, 2023), report and recommendation adopted, No. 4:22CV437-MW-MAF, 2023 WL 4317266 (N.D. Fla. July 3, 2023). Though the Plaintiff in Vincent only alleged he was bitten on one occasion, he claimed his bites were in large number, severe, and caused scarring, hair loss, and great pain. Id. at 3. Here too, Plaintiff fails to demonstrate an objective showing of a sufficiently serious

injury or deprivation. No one likes ant bites. But Plaintiff has not alleged conditions, let alone injuries, that are severe or extreme.

Neither can Plaintiff demonstrate a subjective showing of the Defendants' culpability. Plaintiff's allegations show that when officials, including the Defendants, were made aware of the pest problem, they called for pest control services and continued approving Plaintiff's grievances in short order while taking corrective action. ECF No. 15 at 16-19. The problem was not ignored. The decision to spray outside Plaintiff's cell to eradicate the problem—instead of inside, as Plaintiff requested—was not unreasonable. Ants and other pests make their way into buildings from the outside. Insecticides are chemical sprays that can be hazardous to human health if inhaled or ingested. This is supported by Plaintiff's grievance which stated Defendant Vice told him, "in order for the spray man to spray inside he would have to keep [Plaintiff] out of the room for 4 hours," and he couldn't do that because it would require moving "everyone [else] out for 4 hours." Id. at 18.

In his response, Plaintiff claims the 10th Circuit in Benshoof found the "objective element satisfied where plaintiff was forced to remain in a cell with stinging fire ants for six days." ECF No. 37 at 4; see also Benshoof v. Layton, 351 F. App'x 274 (10th Cir. 2009). 10th Circuit opinions are not binding on this Court. Further, Benshoof presents drastically different facts than

Plaintiff's claims. There, the plaintiff was in a cell with "thousands of fire ants" and suffered from "two hundred" bites resulting in "burning pain, pus-filled blisters, swollen appendages, and nausea." 351 F. App'x at 275, 277. More importantly, the officials in Benshoof denied "access to an ant-killing insecticide." Id. at 278.[3]

Plaintiff's claim concerning the conditions of his confinement with the presence of ants and spiders is insufficient under the law. Because he fails to state a claim upon which relief may be granted pursuant to 28 U.S.C 1915(e)(2), his amended complaint should be dismissed.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 33, be **GRANTED**, Plaintiff's amended complaint, ECF No. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted, and that the Order adopting this Report and Recommendation direct the

---

[3] While it does not appear the 11th Circuit has ruled directly on the matter of ants, it has considered another Florida pest—summertime heat—when it affirmed dismissal of a claim relating to un-airconditioned cells. See Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004) (finding no objective Eighth Amendment deprivation where fans were not allowed and cell temperatures were "unpleasant," averaging between "eighty degrees at night to…eighty-six degrees during the day" with temperatures up to one hundred degrees and humidity levels "rarely above seventy percent" because such temperatures were "to be expected in a residential setting in Florida in a building that is not air-conditioned" and measures to alleviate the heat, including cold running water, were provided).

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida on September 16, 2024.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**

4:23-cv-484-MW-MAF